UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THEODIS FIPPS, et al., | ) | Case No. 1:21 CV 2249 |
| | ) | |
| Plaintiffs | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| WOODS COVE III, et al., | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants | ) | AND ORDER |

*Pro se* plaintiffs Theodis Fipps and Faith Act Ministries, through Minister Lesley Green, filed

this action against Woods Cove III, Sanhu Law Group, LLC, Andrew Tomko, N.P. Weis Law,

Nicholas P. Weiss, Usha Pillai IRA, LLC, Cuyahoga County Sheriff's Department, Cuyahoga

County Sheriff Chris Viland, Magistrate Christopher E. Day, Christopher E. Day, and John and Jane

Does 1-30 (Doc. No. 1). Plaintiffs seek monetary damages and ask the Court to transfer the property

at issue back into Faith Act Ministries's name.

For the following reasons, this action is dismissed.

## I.  BACKGROUND

Plaintiffs' Complaint is difficult to decipher, consisting of conclusory legal allegations and

very few facts in support of their purported claims. It appears, however, that Plaintiffs' complaint

concerns an underlying tax certificate foreclosure judgment entered in favor of Usha Pillai IRA,

LLC. The court docket indicates that the property at issue was forfeited to Usha Pillai IRA, LLC, on June 8, 2020, and a writ of possession was issued to the sheriff on October 15, 2021. (*See* Doc. Nos. 1-5, 10, and 12).

Plaintiffs now bring this action, challenging the validity of the foreclosure judgment. The Complaint identifies the following claims against the defendants: violations of 42 U.S.C. §§ 1983, 1985, and 1986; malicious abuse of process; conspiracy in violation of 18 U.S.C. §§ 241 and 242; intentional infliction of emotional distress; mail fraud; and fraud. Plaintiffs allege that "Defendants" conspired to deny Plaintiffs the rights, privileges, and immunities secured by the U.S. Constitution; engaged in unscrupulous behavior; conspired to promote a fraudulent agenda; lacked standing to proceed with the tax sale; "made an improper, illegal, and perverted use of [a] legal procedure"; caused Plaintiffs severe emotional distress; used the U.S. Mail to commit fraud; and "obtained a fraudulent deed." (*See* Doc. No. 1)

Plaintiffs also filed a Motion for Temporary Restraining Order (Doc. No. 2), purportedly seeking to enjoin a State court eviction proceeding. In support of their Motion, Plaintiffs allege that Faith Act Ministries was never properly joined as a party and the sheriff's sale never reflected, acknowledged, or noticed the current title holder of record. (*See id.)*

Defendants N.P. Weis Law, Nicholas P. Weiss, and Usha Pillai IRA, LLC filed a Motion to Dismiss (Doc. No. 10), stating that Plaintiffs' claims are barred by the principles of res judicata. Defendants Cuyahoga County Sheriff's Department, Cuyahoga County Sheriff Chris Viland, Magistrate Christopher E. Day, and Christopher E. Day also filed a Motion to Dismiss (Doc. No. 12), asserting several bases for dismissal. Plaintiffs filed a "Motion in Opposition to Defendant's Motion to Dismiss." (Doc. No. 15)

## II. STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under this rule, the function of the Court is to test the legal sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  And in reviewing the complaint, the Court must construe the pleading in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007);*Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Legal conclusions and unwarranted factual inferences, however, are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (The Court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

Additionally, courts must read Rule 12(b)(6) in conjunction with Federal Civil Procedure Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (citing *Twombly*, 550 U.S. at 596). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions"

-3-

or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.*

        *Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines*, 404 U.S. at 520). The Court is not required, however, to conjure unpleaded facts or construct claims on a plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### B. Apple v. Glenn Review

        Concerning Plaintiffs' claims against the defendants who have not filed a dispositive motion, the Court is permitted to conduct a limited screening and to dismiss, sua sponte, a fee-paid complaint if it appears that the allegations are so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)). The requirement "that a plaintiff be given the opportunity to amend does not apply to sua sponte dismissals for lack of jurisdiction pursuant to *Hagans*." *Id.* (citing *Tingler v. Marshall*, 716 F.2d 1109, 1111 (6th Cir. 1983)).

### III.  LAW AND ANALYSIS

#### A. Fed. R. Civ. P. 8(a)

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted).

Here, Plaintiffs fail to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as their pleading fails to include virtually any factual allegations supporting a discernable claim based on recognized legal authority. Rather, the Complaint consists of conclusory allegations against "Defendants." Merely listing defendants in the caption of the complaint, but raising no specific factual allegations against each defendant, is insufficient to raise a plausible claim. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)). The complaint does not satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8. Even liberally construing the pleadings, Plaintiffs, at best, assert conclusory defendants-unlawfully-harmed-me allegations that are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678.

#### B. Younger Abstention

Even if this action were not subject to dismissal as noted above, to the extent Plaintiffs are asking the Court to grant them a temporary restraining order that would enjoin the State court from proceeding with an eviction or proceeding to resolve issues concerning the sheriff's sale of the property, the Court cannot grant that relief. A federal court cannot interfere with pending State court proceedings involving important State interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). When a person is the target of an ongoing State action involving important State matters, he or she cannot interfere with the pending State action by maintaining a parallel federal suit involving claims that could have been raised in the State case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the State defendant files such a case, *Younger* abstention requires the federal court to defer to the State proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Regarding the final factor of the *Younger* abstention, the plaintiff bears the burden of demonstrating that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15.

Abstention is mandated whether the State court proceeding is criminal, quasi-criminal, or

-6-

civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Here, to the extent Plaintiffs are challenging an eviction proceeding, or a foreclosure action, and that action is still pending, all three factors supporting abstention are present. Eviction proceedings pending in a State court implicate important state interests. *See Dudley v. Michalak*, 2008 U.S. Dist. LEXIS 21470, at *3 (N.D. Ohio Mar. 19, 2008) (applying the *Younger* doctrine and abstaining from an eviction action in Toledo Municipal Court). Likewise, State foreclosure actions are matters are of paramount State interest. *See Doscher v. Menifee Cir. Ct.*, 75 F. App'x 996, 997 (6th Cir. 2003) (affirming dismissal based on principles of *Younger* abstention where the plaintiff challenged a State-court foreclosure action). And there is no suggestion in the Complaint that any purported claim concerning the eviction or the foreclosure asserted by Plaintiffs in this federal lawsuit is barred in the State action.

A contrary ruling by this Court would unduly interfere with State court proceedings. Therefore, even assuming a properly asserted federal claim, this Court must abstain from hearing Plaintiffs' claims to the extent they are still pending in State court. Plaintiffs' Motion for Temporary Restraining Order (Doc. No. 2) is therefore denied.

### C. Rooker-Feldman Doctrine

To the extent the State foreclosure proceedings have concluded and Plaintiffs' Complaint constitutes an appeal of the foreclosure proceeding, the *Rooker-Feldman* doctrine bars this Court's consideration of their claims. Under this doctrine, a federal court lacks jurisdiction over challenges to state court decisions. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413,

415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

Plaintiffs allege that Defendants violated their federal constitutional and civil rights, committed fraud, abused the court process, and otherwise conducted themselves in a deliberate manner to cause Plaintiffs severe emotional distress in connection with the foreclosure proceedings in the State Case, and they seek money damages and a return of the property at issue. Implicit in these allegations is that the foreclosure proceedings were in error.

"Where federal relief can only be predicated upon a conviction that the State court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of a State court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (amended on other grounds 243 F.3d 334 (6th Cir. 2001)) (quoting *Penzoil*, 481 U.S. at 25). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16.

This Court therefore lacks jurisdiction to entertain such an appeal.

**D. Res Judicata**

Finally, to the extent the State foreclosure proceedings have concluded and Plaintiffs are seeking to relitigate the foreclosure action again in a different court in the hopes of achieving a different result, the doctrine of res judicata bars Plaintiffs' claims.

The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action." *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013). Under this doctrine, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood*

*v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). A second suit is therefore barred when there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence. *Id.*

Res judicata applies here. Final judgment in the State foreclosure proceeding was entered in favor of Usha Pillai IRA, LLC (Woods Cove III's substitute plaintiff in the foreclosure action), and on June 8, 2020, the property at issue was forfeited to Usha Pillai IRA, LLC. (*See* Doc. No. 1-5) Further, this action involves the same parties or their privies as the State foreclosure action, Plaintiffs could have litigated the claims made here in the State foreclosure action, and Plaintiffs' claims arise out of the same "transaction or occurrence" (i.e. the foreclosure and forfeiture).

Accordingly, Plaintiffs' claims are barred. *See, e.g., Clark v. Lender Processing Servs.*, 949 F. Supp. 2d 763, 773-74 (N.D. Ohio 2013) (holding that res judicata barred mortgagor's state and federal claims challenging the propriety of a foreclosure where there was a prior, final decision on the merits in an underlying state foreclosure action).

### IV.  CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (Doc. Nos. 10 and 12) are granted pursuant to Fed. R. Civ. P. 12(b)(6).  Any claims against Wood Cove III, Sanhu Law Group, LLC, and Andrew Tomko are dismissed pursuant to *Apple v. Glenn*. Additionally, Plaintiffs' Motion for Temporary Restraining Order (Doc. No. 2) is denied. This action is hereby dismissed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

February 16, 2022

-10-